UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LABEED NOURI, | Case No. 2:11-CV-11774 |
| Petitioner, | Judge Peter C. Economus |
| v. | By Designation[1] |
| GREG MCQUIGGIN, WARDEN, | OPINION AND ORDER |
| Respondent. | |

Petitioner Labeed Nouri filed[2] a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner was convicted after a jury trial in Oakland County Circuit Court on May 7, 2008 of first degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(f), and two counts of fourth degree criminal sexual conduct, MICH. COMP. LAWS § 750.520e(1)(a). Respondent Warden filed a Motion to Dismiss Habeas Petition as Moot (doc. # 7) on August 31, 2011, to which Petitioner filed a response (doc. # 8) and a Supplemental Brief (doc. # 10).  For the reasons stated below, this Court grants Respondent's motion and denies the petition as moot. The Court also declines to issue Petitioner a certificate of appealability.

### I. BACKGROUND AND PROCEDURAL HISTORY

The following facts are not in dispute.[3]  Although Petitioner was convicted by a jury of all counts, after several rounds of briefing up and down the Michigan state courts, he entered into the following plea agreement with the prosecutor:

---

[1] Pursuant to Title 28, United States Code, § 292(b), Chief Judge Alice M. Batchelder designated and assigned Judge Peter C. Economus to hear this case.  (*See* Designation, doc. # 5.)

[2] There is a dispute over when the petition was filed.  Petitioner insists his petition was filed in March 2012 when he placed it in the prison mail system.  Respondent suggests it was filed on April 22, 2010, when it was received by the Clerk.  This Court's finding that the petition is moot remains the same.

[3] Because Petitioner's criminal convictions were vacated, the specific underlying details of the testimony at trial or the facts as alleged by either side are not necessary to this Court's resolution of Respondent's motion to dismiss.

1. Defendant is currently charged with one count of first degree criminal sexual conduct and 2 counts of fourth degree criminal sexual conduct.

2. It is hereby agreed that defendant will enter a no contest plea to violating [MICH. COMP. LAWS] MCL 750.81a. In return for his no contest plea, the People agree to dismiss the one count of criminal sexual conduct in the first degree and the two counts of criminal sexual conduct in the Fourth Degree.

3. Defendant shall waive his right to an updated presentence report and shall agree to immediate sentencing. It is agreed that defendant shall be placed on two years non-reporting probation, beginning April 15, 2011, the first day to be served in the Oakland County jail, credit for time served. As a condition of probation defendant shall not have (or cause any third party to have) any direct or indirect contact with Krystal Kirma or any member of her immediate family including Ms. Kirma's mother, father, and siblings.

4. It is further agreed that as part of this plea agreement, that defendant's conviction for violating MCL 750.81a shall not require him to register as a sex offender pursuant to MCL 28.722, *et seq.*

( . . .)

7. It is further stipulated that Defendant shall dismiss as moot his currently pending Petition for Writ of Habeas Corpus in the Eastern District of Michigan, Case No. 10-CV-14646.

( . . . )

9. Defendant further understands that as part of this plea agreement, he not only gives up his right to file a motion to withdraw his plea and to appeal his conviction and sentence, he is also giving up his right to file an Application for Leave to Appeal of his conviction and sentence.

10. Defendant further understands that, if for any reason, his plea and sentence is set aside, the Order granting a New Trial shall be vacated, his original convictions shall be reinstated, and the People may oppose his motion for new trial. This does not, however, prejudice defendant's right to file an application to set aside his conviction pursuant to MCL 780.621.

11. Defendant, by signing this agreement acknowledges that he has read the agreement, has gone over this agreement with his attorney, and fully understands the agreement. By signing this agreement,

> he further acknowledges that it is his decision and his decision alone to plea [*sic*] no contest to violating MCL 750.81a. He further acknowledges that no one has made any promises other than those contained in this agreement in order to induce him to enter into this plea agreement.

(Motion to Dismiss, Exh. A, doc. # 7-2, pages 2 – 3.) The plea agreement is signed by Petitioner, his attorney, and an assistant prosecuting attorney, and it was filed by the clerk on April 15, 2011. The amended judgment was filed the same day, and it memorialized the dismissal of the charges and Petitioner's no contest plea to the misdemeanor charge. (Motion to Dismiss, Exh. B, doc. # 7-3.) The amended judgment also permitted Petitioner to travel within the United States and Canada without permission of the court, and it required him to have no contact with the victim or her family. (*Id.*) Petitioner was released from custody soon thereafter. Stipulations for dismissal of two pending appeals were filed on April 15, 2011, too, and the appeals were dismissed. (*Id.* at Exhs. C and D, docs. # 7-4, 7-5.) Finally, on August 31, 2011, a stipulated order was filed in this Court, stating that "pursuant to the stipulation of the parties, that Petitioner's petition for a writ of habeas corpus in this matter is voluntarily dismissed with prejudice." (Motion, Exh. E, doc. # 7-6, capitalization omitted.) That order closed Petitioner's habeas case.[4] (*Id.*)

The instant petition was filed on April 22, 2011, according to the docket. Respondent's Motion to Dismiss was filed on August 31, 2011. According to Respondent, Petitioner's petition is moot, as a result of all of his convictions being vacated and his release from prison. Petitioner disagrees, noting that he continues to suffer collateral consequences and that he has new evidence to support his assertion of innocence. (Response to Motion, doc. # 8 and Supplemental Brief, doc. # 10.)

---

[4] The primary issue in Petitioner's first habeas case was whether he was eligible for release on bond while awaiting disposition of his appeals.

## II. STANDARD OF REVIEW

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In relevant part, the AEDPA provides that:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of a federal judicial proceeding. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be addressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). "An incarcerated habeas petitioner's challenge to the validity of his or her conviction satisfies the case-or-controversy requirement because the incarceration constitutes a concrete injury which can be addressed by the invalidation of the conviction." *Johnson v. Metrish*, 2010 WL 2231902 *1 (6th Cir., June 3, 2010) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Once the convict's sentence has expired—or as here, vacated—some concrete and continuing injury other than the now-ended incarceration or parole must exist if the suit is to be maintained in federal court. Otherwise, the matter is moot. *Kemna*, 523 U.S. at 7; *see also Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) (noting that "mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief.").

As noted by the Supreme Court,

> [i]n criminal cases, this requirement means that a defendant wishing to continue his appeals after the expiration of his sentence must suffer some continuing injury or collateral consequence sufficient to satisfy Article III. When the defendant challenges his

4

> underlying *conviction,* this Court's cases have long presumed the existence of collateral consequences. But when a defendant challenges only an expired *sentence,* no such presumption applies, and the defendant must bear the burden of identifying some ongoing collateral consequence that is traceable to the challenged portion of the sentence and likely to be redressed by a favorable judicial decision.

*United States v. Juv. Male*, 131 S. Ct. 2860, 2864 (2011) (internal quotation marks, alteration, and citations omitted). *See also Gentry v. Deuth*, 456 F.3d 687, 695 (6th Cir. 2006) (noting that "a successful habeas challenge to an unconstitutional conviction necessitates relief not only from any present incarceration arising from that conviction, but also from any collateral consequences thereof.").

### A. Mootness

Petitioner's claims for habeas relief all concern the fairness of his jury trial, relating to issues of credibility of witnesses and ineffectiveness of trial counsel. (*See* Petition, doc. # 1.) In his Petition, Petitioner seeks relief from this Court in the form of a "vacation of his unconstitutional conviction and immediate release from custody." (*Id.* at page 1.) That is precisely the relief Petitioner has already received: the felony charges that formed the basis for his conviction were dismissed, and he was released from prison. (Motion, Exh. A.) Therefore, because Petitioner has received the relief sought in his habeas petition, this Court can do no more. Petitioner's claims are moot, and his petition must be dismissed. *Diaz v. Kinkela*, 233 F.3d at 243 – 44. *See also Fredette v. Hemingway*, 65 Fed. Appx. 929, 931 (6th Cir. 2003).

### B. Collateral consequences

Petitioner argues that he continues to suffer "collateral consequences" of his conviction. (Supp. Brief, pages 10 – 11.) However, Petitioner's argument is unrelated to the restrictions arising from his conviction. In fact, the collateral consequences are related only to the plea

5

agreement, which does not form any part of the habeas petition. As a result, there is no relief available to Petitioner by way of a writ of habeas corpus.

### C. *Additional relief*

In his Supplement Brief, Petitioner seeks additional relief not requested in his Petition, namely for this Court to vacate the plea agreement and to consider allegedly new evidence. A supplemental brief is not the proper pleading for a habeas petitioner to raise additional grounds for relief. Generally, a traverse is an improper document in which to raise new issues that were not raised in a petitioner's original petition for federal habeas relief because it does not notify the State of the claim or allow the State an opportunity to oppose it. *Taylor v. Mitchell,* 296 F.Supp.2d 784, 798 (N.D.Ohio 2003) (citation omitted). *See also Tyler v. Mitchell,* 416 F.3d 500, 504 (6th Cir. 2005)(holding that because the petitioner's claim was presented in his traverse rather than in his petition, the district court did not err in declining to address it). Therefore, this Court declines to review those issues not properly before it.

### III. CONCLUSION

This Court **DENIES** the petition for writ of habeas corpus as **MOOT**. This Court also **DENIES** Petitioner a certificate of appealability. Title 28 U.S.C. § 2253 governs appeals in § 2254 proceedings. Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). Furthermore, Fed.R. App. P. 22(b) states: "If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue." *See also Kincade v. Sparkman*, 117 F.3d 949, 953 (6th Cir. 1997) (holding that Rule 22(b) requires district courts to make the initial

determination of appealability).  In granting a certificate of appealability, the court must indicate the specific issue or issues for which the applicant made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(3).  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner is not entitled to a certificate of appealability because his request for habeas relief is now moot.  Accordingly, Respondent's Motion to Dismiss (doc. # 7) is **GRANTED.**  Petitioner Labeed Nouri's Petition for Writ of Habeas Corpus (doc. # 1) is **DENIED AS MOOT.**  This Court further **DENIES** a certificate of appealability.

**/s/ Peter C. Economus**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**